# STATE OF FLORIDA v LaTORRE
## Case No. CRC 89-12947 CFANO
Sixth Judicial Circuit, Pinellas County
March 13, 1990

**OPINION OF THE COURT**

SUSAN F. SCHAEFFER, Circuit Judge.

*ORDER ON TAMPA TRIBUNE AND DUNNIGAN'S MOTION TO QUASH SUBPOENA FOR DEPOSITION*

The Court having read the Tampa Tribune and Reporter Dunnigan's Motion to Quash Subpoena for Deposition and Defendant, William LaTorre's Motion in Opposition thereto, having heard the arguments of counsel during a hearing February 7, 1990, and being otherwise fully advised in the premises it is hereby ORDERED

1. The Tampa Tribune and Reporter Dunnigan's Motion to Quash Subpoena for Deposition is hereby DENIED.

2. Defendant William LaTorre's Motion in Opposition to Tampa

Tribune and Reporter Dunnigan's Motion to Quash is hereby GRANTED to the extent that Defendant has exhausted all "alternative sources" prior to the deposition of Tampa Tribune reporter Pat Dunnigan.

IT IS HEREBY HELD that Defendant William LaTorre, who is charged with four counts of manslaughter as a result of a boating accident, May 27, 1989, has met the three-part test of *Tribune Company v Green,* 447 So.2d 484 (Fla. 3d DCA 1983). The court, in weighing the facts pursuant to the *Tribune* test finds that the information possessed by reporter Dunnigan is (1) relevant, (2) Defendant has a compelling need for said information, and, (3) there are no alternative sources for the information possessed by reporter Dunnigan.

As relates to the "relevancy" and "compelling need" prongs of the *Tribune* test, the court holds that the reporter's version of witness Couturier's eye-witness account of the boating accident, which the reporter documents in the Tampa Tribune, would be admissible as a prior inconsistent statement and that such evidence, which reporter Dunnigan apparently possesses, is crucial to impeach a critical State witness in this criminal action which resulted from the boating accident.

THE COURT HEREBY FINDS that the "alternative sources" proposed by the Tampa Tribune, specifically Defendant LaTorre's wife and the three teenagers aboard his boat are not viable "alternative sources," in that Mrs. LaTorre could be perceived as a potentially biased witness and the three teenagers aboard the boat were in the below-deck cabin of the boat and not in a position to be eye-witnesses to the events relevant to this motion.

THE COURT FURTHER HOLDS that defense investigator Steven C. Millwee is not a viable "alternative source" in that his status as an investigator, paid by the Defendant, and investigating nearly full-time on behalf of defense counsel for the past eight months since the date of the boating accident, has the potential to case discredit to his testimony.

THEREFORE, an alternative source is not available because the above-mentioned persons simply don't stand on the same dignity as reporter Dunnigan, who was out gathering news when she happened upon the relevant information she possesses and has no bias at all to one side or the other.

IT IS HEREBY ORDERED that defense counsel has the right to re-subpoena Tampa Tribune reporter Dunnigan for deposition, but only after exhausting three putative "alternative sources", i.e., the children

**171**

of witness A. J. Couturier. Witness Couturier, during his deposition, January 8, 1990, testified that he had related facts surrounding the boating accident to each of his children. If the three children of witness Couturier possess the same information sought from Tampa Tribune reporter Dunnigan, they will be deemed viable "alternative sources" and the court will re-weigh the facts as required by the *Tribune* test in the light of this new development. However, if witness Couturier's children either do not remember the facts he related or possess facts contrary to those related by witness Couturier to Tampa Tribune reporter Dunnigan, the children will not be deemed viable "alternative sources" and, thus, Defendant will have exhausted all "alternative sources".

The scope of Tampa Tribune reporter Dunnigan's deposition will be limited to inquiries into the discussion she had with witness Couturier and the accuracy of the contents of her newspaper article, as it relates to witness Couturier. Additionally, defense counsel is free to inquire into whether Tampa Tribune reporter Dunnigan made notes of her conversation with witness Couturier and whether those notes were used to refresh her recollection at the time she was writing her article. In addition thereto, the witness may be questioned regarding any possible interest or bias she may have for or against the parties hereto as well as her ability to perceive and recollect the information she wrote in her newspaper article.

DONE and ORDERED this 13th day of March, 1990.